IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

CASE NO. 1:20-cr-00063-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES LESTER REED,

    Defendant.

---

## ORDER GRANTING PETITION, AND ORDER OF DETENTION

---

Defendant James Reed was indicted on one count alleging a violation of 18 U.S.C. § 922(g)(1)—possession of a firearm or ammunition by a convicted felon. On March 10, 2020, this Court ordered Mr. Reed's pretrial detention after he waived his detention hearing. [#16.][1] Mr. Reed later filed a Motion to Revoke Detention Order [#30]. This Court granted that motion after a hearing. On June 25, 2020, this Court ordered Mr. Reed's release on a combination of conditions. [#48.] The two conditions of release relevant to this matter include: (1) the condition Mr. Reed not violate federal, state, or local law while on release, and (2) the condition he submit to random

---

[1] The Court uses "[#__]" to refer to entries in the CM/ECF electronic docket.

1

testing for a prohibited substance. [*Id.*] The record reflects Mr. Reed met the conditions of his release at least through October 26, 2020. [#64 (Court only).]

On December 1, 2020, while on pretrial release, Mr. Reed pleaded guilty to the single count in the indictment. [#69.] District Judge Domenico accepted the plea and continued Mr. Reed's bond. Mr. Reed now awaits sentencing, which is currently set for March 2, 2021.

On January 19, 2021, Probation Officer Becker filed a Petition for Warrant on Defendant on Pretrial Release ("Petition"). [#72.] The Petition alleges Mr. Reed violated conditions of his pretrial release by (1) committing state crimes in January 2021, and (2) failing to participate in random testing for a prohibited substance in September 2020 and January 2021. Mr. Reed was arrested on the Petition on January 26, 2021; he made his Initial Appearance on the Petition that same day. [#75.]

This Court held a hearing on the Petition by virtual teleconference on January 29, 2021, and took the matter under advisement. 18 U.S.C. § 3148(b) ("To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated."). The Court received exhibits into evidence offered by both parties. [#85 (Government exhibit); #86 (defense exhibit).] The only witness to testify was Probation Officer Becker, whom the Government called. Both sides had a full and fair opportunity to present their witnesses and other evidence, test and cross-

examine the same, and make their arguments. Having considered matters from the hearing, the docket, and applicable law, the Court GRANTS the Petition and ORDERS Mr. Reed's release be revoked and he be detained pending sentencing.

## Legal Principles

**1.    18 U.S.C. § 3148 Re: Sanctions for Violating Conditions of Release**

A person who violates a condition of pretrial release is subject to a revocation of release, an order of detention, and a prosecution for contempt. 18 U.S.C. § 3142(a). After a hearing, the court may issue orders of revocation and detention if it finds at least one of two things: (1) probable cause to believe the person has committed a federal, state, or local crime while on release; or, (2) clear and convincing evidence the person has violated any other condition of release. *Id.* at § 3142(b). The court must also consider the factors under 18 U.S.C. § 3142(g) and find either: (1) there is no condition or combination of conditions of release to assure the person will not flee or pose a danger to the safety of any other person or the community; or (2) the person is unlikely to abide by any condition or combination of conditions of release. *Id.* at § 3142(b)(2). If there is probable cause to believe the person committed a federal, state, or local *felony* while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id.*

The Tenth Circuit has determined that probable cause under § 3148(b)(1)(A) "requires only that the facts available to the judicial officer warrant a man

3

of reasonable caution in the belief that the defendant has committed a crime while on bail." *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989) (internal quotations and citation omitted). Under this standard, evidence such as reliable police reports or sworn criminal complaints may be sufficient to establish the requisite probable cause. *See United States v. Quirion*, 808 F. Supp.2d 343, 345 (D. Me. 2011) ("Here the Government has produced a reliable police report, as well as a state criminal complaint sworn to and filed in Maine District Court in Caribou. The Court finds this sufficient to establish probable cause that Mr. Quirion has committed a crime while on release in violation of the conditions of his release.")

**2.      18 U.S.C. § 3143 Re: Release or Detention Pending Sentencing**

Although this matter originates from a Petition seeking revocation of Mr. Reed's pretrial release, Mr. Reed is no longer subject to pretrial detention because he has now pleaded guilty and awaits sentencing. *See U.S. v. Frye*, 202 F. App'x 308 (10th Cir. 2006) (applying § 3143 after pre-trial detainee's guilty plea); *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1493 (10th Cir. 1990) ("We see no reason to treat incarcerated persons whose guilt has been adjudicated formally but who await sentencing like pretrial detainees, who are detained primarily to ensure their presence at trial and who cannot be punished... ."). Thus, § 3143 governs the subject of Mr. Reed's detention.

Under that section, he must "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to

the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(2). Courts have interpreted this to mean detention is the rule under § 3143 absent a finding by clear and convincing evidence the person is not likely to flee or pose a danger. *See Quirion*, 808 F. Supp. 2d at 345 ("Detention, therefore, is the general rule [under § 3143].").

## Analysis

**1.     Whether the Government Established a Violation of the Conditions of Release by Clear and Convincing Evidence**

The Petition alleges Mr. Reed violated the condition requiring him to submit to random drug testing. Specifically, it alleges he missed random urinalysis (UA) testing on September 21, 2020, and January 12, 2021. The Court finds Probation Officer Becker's testimony credible regarding the missed UA on January 12, 2021.[2] She testified she was informed by the testing facility about this missed UA. She further testified she spoke to Mr. Reed on January 14 about this missed UA, and he offered to take (and did take) a UA that day because of the one he missed on January 12.

The Court received a declaration from Mr. Reed's girlfriend, Leasia Robinson, made pursuant to 28 U.S.C. § 1746 ("Robinson Declaration"). The Robinson Declaration purports to refute Mr. Reed's missed UA on January 12. But on closer examination, the Robinson Declaration does not directly refute the evidence before

---

[2] Probation Officer Becker supervised Mr. Reed the duration of his pretrial release.

the Court because Ms. Robinson does not identify a specific date in January. Based on Probation Officer Becker's unrefuted testimony, the Government has established by clear and convincing evidence that Mr. Reed violated the condition of his release requiring that he submit to random drug testing based on his missed UA on January 12, 2021.

The Court, however, does not find the Government established clear and convincing evidence Mr. Reed missed the September 21, 2020 UA. That date conflicts with the record evidence (corroborated by Probation Officer Becker during her testimony) that Mr. Reed met the conditions of his release through October 26, 2020. [#64 (Court only).]

**2. Whether There is Probable Cause to Believe Mr. Reed Committed a State Crime/Felony**

The Petition alleges the following state law violations by Mr. Reed while on release:

> On January 16, 2021, a warrant was issued for the defendant's arrest for Assault 2-Cause Serious Bodily Injury, Kidnapping 2-Seize/Carry Victim-DV, Assault 2-Strangulation-DV, Assault 3-Know/Reckless Cause Injury-DV, and False Imprisonment-DV, in Douglas County District Court, Case Number 21CR80. According to the arrest affidavit and the victim's statement, the defendant and his current girlfriend, Leasia Robinson, went to a party in Colorado Springs with his ex-girlfriend (victim), Vanessa Whitfield. She stated they had "pre-gamed" with alcohol and continued to drink and consume marijuana while at the party to the point of intoxication. While driving back, all three parties were seated in the front seat, as there was no backseat, with the defendant driving, his current girlfriend next to him (Leasia), and Vanessa in the passenger seat. During the drive back, an argument began between the parties and a physical altercation ensued during

6

which time the vehicle was essentially stopped. At one point the defendant reached across Leasia and struck Vanessa with a closed fist to her nose. Vanessa began bleeding profusely and took additional strikes to her face, before she was able to curl into a defensive position, taking additional blows to the back of her head and neck. In addition, at one point during the altercation, the defendant placed his hands around her throat and squeezed tightly. Vanessa attempted to fight back and struck the defendant with her left hand, causing him to stop choking her.

Vanessa eventually was able to exit the vehicle and sat on the sidewalk. While attempting to control the bleeding from her nose, the defendant exited the vehicle and grabbed her right arm and placed another around her throat forcing her back to the vehicle in the passenger seat. Vanessa was subsequently taken to Leasia's apartment. Once at the residence, the defendant exited the vehicle and did not return. Leasia agreed to take Vanessa back to her residence. Ultimately, Vanessa was dropped off at her home and subsequently went to the hospital. Once at the hospital, officers observed several injuries consistent with her account of events. She had a bruised right eye with ruptured blood vessels, a bloody nose, swelling and bruising to her left hand and triceps, multiple small scratches around her neck, and bruising in the shape of a hand on her right forearm and bicep.

[#72.]

Probation Officer Becker prepared these allegations from the Affidavit for Arrest Warrant prepared by Detective Cleveland Holmes ("Holmes Affidavit") of the Parker Police Department. The Court received the Holmes Affidavit as Government Exhibit 1. [#85.] The Holmes Affidavit alleges probable cause to believe Mr. Reed committed the following state crimes: (1) false imprisonment (misdemeanor) – Colo. Rev. Stat. § 18-3-303(1); (2) second degree assault with intent to cause bodily injury causing serious bodily injury (felony) – Colo. Rev. Stat. § 18-3-203(1)(g); (3) second degree kidnapping (felony) – Colo. Rev. Stat. § 18-3-302(1)(2); (4) third degree assault

– knowingly or recklessly causing bodily injury (misdemeanor) – Colo. Rev. Stat. § 18-3-204(1)(a); (5) second degree assault – non-family – strangulation (felony) – Colo. Rev. Stat. § 18-3-203(1)(i); and, (6) domestic violence – Colo. Rev. Stat. § 18-6-800.3. Half of these are felonies. The Holmes Affidavit led to a probable cause finding by a state court magistrate for a state court warrant for Mr. Reed's arrest dated January 16, 2021.[3] [#85.]

The Court acknowledges the hearsay-nature of the Holmes Affidavit. But hearsay evidence is generally admissible in proceedings held under the Bail Reform Act. *See United States v. Valdez*, 682 F. App'x 684, 686 (10th Cir. 2017) ("[N]umerous courts have held that hearsay is permissible in a detention hearing."); *Young v. Addison*, No. CIV-10-608-D, 2011 WL 7272268, at *14 (W.D. Okla. Dec. 28, 2011) (collecting cases and noting "The Tenth Circuit Court of Appeals and other courts considering the issue have suggested that [the right to confront witnesses] does not apply outside of the actual criminal trial."), report and recommendation adopted, No. CIV-10-608-D, 2012 WL 425268 (W.D. Okla. Feb. 9, 2012); *United States v. Hernandez*, 778 F. Supp.2d 1211, 1219–27 (D.N.M. 2011) (collecting cases and concluding the Confrontation Clause does not apply to detention or other preliminary hearings).

---

[3] Mr. Reed was arrested on the Petition before an arrest on the state warrant.

The Court finds the Holmes Affidavit sufficiently reliable. This is largely because it includes information about extensive injuries law enforcement and medical personnel observed on Ms. Whitfield's person. Consider these excerpts:

> While speaking with Vanessa, Officer Stowell observed a multitude of injuries. Officer Stowell photographed these injuries and later uploaded them to evidence.com. Vanessa had swelling and bruising to her left hand, swelling on her left tricep, bruising in the shape of a hand on her right forearm, bruising in the shape of a hand in her right bicep, bruising and scratches on the front of her neck, large bruising on the back of her neck, large amounts of dried/active bleeding on the back of her head, swelling and dried blood on her nose, swelling around her right and left eyes, and multiple small scratches on her arms, neck, and face.
>
> \*   \*   \*
>
> Prior to the interview, Detective Holmes reviewed the photographs taken by PPD CSI which showed bruising on Vanessa's back portion of her neck, inside part of her upper right arm, a bruised right eye with ruptured blood vessels in her right eyeball, and a bloody nose.
>
> \*   \*   \*
>
> The attending physician indicated that seriously (sic) bodily injury did occur, from a nasal bone fracture.
>
> \*   \*   \*
>
> . . . Dr. Mauk stated that serious bodily injury did occur based on the broken nose that Vanessa sustained during the altercation.

[#85 pp.5, 6.] The Holmes Affidavit further includes descriptions of law enforcement's retrieval of Ms. Whitfield's bloody clothing and boots worn during the altercation, and their photographs of a pile of bloody cloths Ms. Whitfield used to stop the profuse bleeding from her nose. [*See generally* #85.]

9

Mr. Reed offers the Robinson Declaration which purports to refute the Petition and Holmes Affidavit. Ms. Robinson was present during the time Ms. Whitfield claims Mr. Reed assaulted her. The Robinson Declaration disavows Mr. Reed physically struck or was otherwise physically violent toward Ms. Whitfield on the night in question. [#86 at ¶5.] It acknowledges, however, a physical altercation in fact did occur; but it claims the altercation was instead between Ms. Robinson and Ms. Whitfield. The Robinson Declaration is vague in this regard. The only physical violence it acknowledges is that Ms. Robinson "did hit [Ms. Whitfield] in self-defense," and it includes a picture of four fingertips on Ms. Robinson's right hand. [#86-1 (photo).] The picture shows Ms. Robinson's acrylic nails broken off and three bloody fingertips. [*Id.*] The photo does not show cuts, swelling, bruising, or other injuries or indicia of an altercation other than the tips of four of Ms. Robinson's fingers, three of which have minimal bleeding. [*Id.*]

The Court finds the Holmes Affidavit more reliable than the Robinson Declaration. Between the two statements, it is undisputed a physical altercation involving Ms. Whitfield occurred. And the Robinson Declaration does not refute Ms. Whitfield presented with significant and multiple injuries. [#85.] The Robinson Declaration, which only states Ms. Robinson "did hit" Ms. Whitfield, is too vague to explain the multitude of serious injuries Ms. Whitfield suffered and which law enforcement and medical personnel documented. The more reliable explanation for those extensive injuries is the one posited by the Holmes Affidavit. The Court finds

10

the Holmes Affidavit credible evidence and it establishes probable cause under § 3148 to believe Mr. Reed committed state crimes while on release.

**3.    Detention**

Because the Court's probable cause finding under § 3148 involves three felony offenses, a rebuttable presumption arises that no condition or combination of conditions will assure Mr. Reed will not pose a danger to the safety of any other person or the community. 18. U.S.C. § 3148. In addition, since Mr. Reed pleaded guilty and awaits sentencing, under § 3143 he is to be detained unless the Court finds by clear and convincing evidence he is not likely to flee or pose a danger to the safety of any other person or the community if released.

The Court has considered these respective standards and the factors under 18 U.S.C. § 3142(g). The Court finds Mr. Reed has failed to rebut the presumption under § 3148 and failed to present clear and convincing evidence under § 3143.

Other than the one missed UA in January 2021, by all accounts, Mr. Reed was successfully honoring the conditions of his release. But the landscape has drastically shifted. Mr. Reed has now pleaded guilty and awaits sentencing. He also now faces charges for multiple state crimes, including three felony offenses. The potential magnitude of this unfinished business may provide incentive to flee. Moreover, the physical altercation providing the basis for the state crimes (as detailed in the Holmes Affidavit) offers credible evidence of danger. For these reasons, Mr. Reed has failed to rebut the presumption under § 3148 that no condition or combination of conditions

will assure he will not pose a danger to the safety of any other person or the community, and failed to establish clear and convincing evidence under § 3143 that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

* * *

The Court ORDERS the Petition [#72] is GRANTED. It is FURTHER ORDERED that Mr. Reed's release is REVOKED and he is ORDERED DETAINED pending sentencing.

FURTHER ORDERED Mr. Reed is remanded; he must be afforded a reasonable opportunity for private consultation with defense counsel, and, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED:     January 30, 2021

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge